**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| RICHARD ALAN STARR, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | 1:10-cv-0689-JMS-TAB |
| ) | |
| CONGRESSMAN DAN BURTON, et al., ) | |
| ) | |
| Defendants. ) | |

### Entry and Order Directing Dismissal of Action

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court is to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff Richard Starr sought and has been granted leave to proceed *in forma pauperis.* Accordingly, his complaint is subject to the screening process described above.

Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition,"a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995).

Starr's claims are asserted pursuant to 42 U.S.C. § 1983 and its companion statutes. The defendants in this action are two of Indiana's elected representatives to the House of the Representatives and two other individuals. As to the former, by suing federal officers Starr actually invokes the theory recognized in *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), rather than 42 U.S.C. § 1983, but this distinction is of no moment here. In either event, the deprivation of a federally secured right is essential. The totality of the Starr's claim against the defendants is that they conspired to deny him equal protection of the law. He seeks the appointment of counsel, the award of unspecified punitive damages, unspecified injunctive relief, vindication of his civil rights, and that his record be "abolish[ed]."

Even liberally construed, Starr's complaint fails to state a legally cognizable claim against any of the defendants because it consists of nothing more than a string of statutes which are invoked and the conclusory assertion that the defendants conspired to violate his rights. A complaint of this nature lacks facial plausibility, *Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009)("The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'")(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007)); *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(explaining that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"), and the action must, therefore, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

The action is dismissed. Starr's request for the appointment of counsel (dkt 1) is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/29/2010

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana